IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINE DAWN MEEKS                                                                    PLAINTIFF

            v.                         Civil No. 13-2102

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christine Meeks, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed for DIB on December 15, 2010, alleging an onset date of September 15, 2010, due to congestive heart failure, high blood pressure, headaches, and arthritis.  Tr. 137-143, 191-192, 202, 225.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr. 86-88, 93-94.  An administrative hearing was held on November 2, 2011.  Tr. 30-83.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 47 years old and possessed a tenth grade education and vocational training as a certified nurse's assistant ("CNA").  Tr. 23, 36, 203.  She had past relevant work ("PRW") experience as a production assembler/machine operator, grocery checker, grocery stocker, and home health aid.  Tr. 38-48, 76-77, 183-190.

On August 9, 2013, the ALJ found that Plaintiff was engaged in substantial gainful activity ("SGA") from September 15, 2010, until December 15, 2010. Tr. 15. However, he concluded that there was a continuous 12-month period during which the Plaintiff did not engage in SGA. The ALJ then determined that Plaintiff's non-ischemic cardiomyopathy, obesity, headache syndrome, cervicalgia, cognitive impairment/borderline intellectual functioning, learning disorder, dysthymia/major depressive disorder, generalized anxiety disorder, and somatoform disorder was severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-17. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work

> except she must avoid exposure to hazards, including no driving as a part of work. The claimant further retains the ability to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

Tr. 17. With the assistance of a vocational expert, the ALJ the concluded that Plaintiff could return to her PRW as a motel housekeeper, routing clerk, optical lens inserter, document preparer, and addresser. Tr. 24.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on February 12, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 13.

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's failure to properly consider Plaintiff's cognitive/intellectual impairment. After concluding that Plaintiff suffered from severe cognitive impairment/borderline intellectual functioning, a learning disorder, dysthymia/major depression, generalized anxiety disorder, and somatoform disorder, the ALJ properly evaluated Plaintiff's condition under listings 12.04, 12.06, and 12.07, which deal with affective, anxiety, and somatoform disorders. However, he failed to consider listings 12.02 and 12.05, dealing with organic mental disorders and mental retardation.

Organic mental disorders are abnormalities of a behavioral or psychological nature that are associated with brain dysfunction. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.02. These can be caused by a traumatic brain injury, birth injury, degenerative disease process, or exposure to toxins. *Id.* Under Listing 12.02, the physical exam must demonstrate the existence of a specific organic factor that forms the etiological basis for the abnormal mental state and lost functional abilities experienced by an individual. *Id.* Lost functional abilities can include a lower IQ, memory loss, and dementia. *Id.*

Further, Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," before age twenty-two. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (describing the § 12.05(c) requirements). A claimant will be considered mentally retarded if he or she meets one of four sets of requirements, including the requirement contained in section 12.05(C): "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05.

The record makes clear that Plaintiff had a full scale IQ of 61. Tr. 436-442. And, in spite of a notation that Plaintiff's effort was variable, Dr. Patricia Walz indicated that if the Plaintiff were to take the test again, she would expect to obtain full scale IQ scores between 58 and 66. Her memory was also found to be in the extremely low to low average range and she exhibited slowed bilateral fine manual dexterity, weak grip strength in her right hand, and low average grip strength in her left hand. Additional testing also showed some possible right hemisphere dysfunction. These test scores were significant enough to warrant diagnoses of cognitive impairment, etiology unclear with right hemisphere dysfunction; probable somatization disorder; premorbid learning disorder; and borderline intellectual functioning. The following month, Dr. Walz's diagnosis of cognitive impairment was affirmed by Dr. Gene Chambers, who evaluated Plaintiff and diagnosed her with moderate cognitive disorder not otherwise specified, major depression, and generalized anxiety disorder. Tr. 444-446.

Additional evidence indicates that Plaintiff had suffered a stroke and heart attack several years prior to her onset date. As a result, she developed headaches, a stutter in her speech, impaired memory, and chronic non-ischemic chest wall pain. Plaintiff also reported to Dr. Walz that she had been enrolled in special education classes, prior to dropping out in the tenth grade. And, she was found to be a poor speller, to have impaired grammatical skills, and to have impaired mathematical abilities. Given that the evidence clearly establishes an impairment in cognitive functioning, which the ALJ found to be severe, we find that remand is necessary to allow the ALJ to properly consider Plaintiff's impairments under listings 12.02 and 12.05. In so doing, the ALJ should be reminded that the United States Court of Appeals for the Eighth Circuit has specifically held that a formal diagnosis of mental retardation is not required to fall within the confines of section 12.05. *Maresh*, 438 F.3d at 899.

We also note that the assessment of Dr. Cheryl Woodson Johnson, the only mental RFC assessment contained in the record, was completed in February 2011, prior to the evaluations of Drs. Walz and Chambers in 2012. Tr. 282-296. Because this assessment does not take into consideration these neuropsychological evaluations, we do not find that substantial evidence supports the ALJ's RFC determination in this case. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace). Accordingly, remand is further warranted to allow the ALJ to obtain RFC assessments from Drs. Walz and Chambers to aid him in determining Plaintiff's true mental limitations. *See Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001) (claimant's residual functional capacity is a medical question).

### IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE