THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINE D. MEEKS                                          PLAINTIFF

       v.                              CIVIL NO.13-2102

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                             DEFENDANT

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 17.  The parties have consented to the jurisdiction of

a magistrate judge to conduct any and all proceedings in this case, and pursuant to said authority,

the Court issues this Order.  ECF No. 6.

On October 19, 2014, Plaintiff filed a motion for attorney's fees and costs under 28

U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $6,020.40,

representing a total of 26.80  attorney hours in 2013 at an hourly rate of $183.00 and 6.00

attorney hours in 2014 at an hourly rate of $186.00.  ECF No. 17, 18.  On October 24, 2014, the

Defendant filed a response voicing no objections to Plaintiff's request for fees.  ECF No. 19.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case,

as she is the prevailing party, the government's decision to deny benefits was not "substantially

justified", the hourly rate requested for both attorney and paralegal hours does not exceed the CPI

for either year in question, and the time asserted to have been spent in the representation of the

Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).  Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,020.40.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff.  However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**Conclusion**

Based upon the foregoing, the Court awards Plaintiff $6,020.40  pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 4th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

2

AO72A
(Rev. 8/82)